**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

☒ 1  Valuation of Security     ☒ 1  Assumption of Executory Contract or Unexpired Lease     ☒ 1  Lien Avoidance

Last revised: September 1, 2018

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:
Mark Ranucci and
Lisa Alaimo Ranucci

Debtor(s)

Case No.: 18-23067

Judge: Michael B. Kaplan

## Chapter 13 Plan and Motions

☐ Original     ☒ Modified/Notice Required     Date: May 7, 2019

☒ Motions Included     ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: BGH     Initial Debtor: MR     Initial Co-Debtor: LAR

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ _____175_____ per _____Month_____ to the Chapter 13 Trustee, starting on _____July 15, 2018_____ for approximately _____6_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☒    Other sources of funding (describe source, amount and date when funds are available):

The Debtors' friend, Patrick J. Frawley, will make 5 payments in the amount of $43,500 during the life of the plan to help cure the arrears on the first and second mortgage.

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☒ Other information that may be important relating to the payment and length of plan:

This will be a modified plan.  The Debtor will make 6 monthly payments of $175, then one monthly payment of $43,500, then 11 monthly payments of $175, then one monthly payment of $43,500, then 11 monthly payments of $175, then one monthly payment of $43,500, then 11 monthly payments of $175, then one monthly payment of $43,500,then 11 monthly payments of $175, then one monthly payment of $43,500 and then 5 monthly payments of $175.

**Part 2:    Adequate Protection ☒ NONE**

a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ As allowed by the Court |
| DOMESTIC SUPPORT OBLIGATION | N/A | N/A |
| Internal Revenue Service | Federal Tax Debt | $4,621.07 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
|  | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. |  |  |

## Part 4:  Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Chase Bank USA | 611 Grassmere Ave, Interlaken, NJ 07712 | $133,243.67 | 0% | $133,243.67 | $2,657.19 |
| TD Bank | 611 Grassmere Ave, Interlaken, NJ 07712 | $37,444.31 | 0% | $37,444.31 | $815.30 |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☐ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| Unity Bank | 611 Grassmere Ave, Interlaken, NJ | $200,000.00 | $683,000.00 | $725,614.80 | $0 | 0% | $0 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5:    Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases  ☐ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| Toyota Motor Credit | $379 | Auto Lease | Assumed | $379 |

**Part 7:    Motions  ☐ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).  ☐ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| Unity Bank | 611 Grassmere Ave, Interlaken, NJ 07712 | $200,000.00 | $683,000.00 | $725,614.80 | $0 | $200,000 |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒    Upon confirmation

☐    Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) Administrative Claims

3) Priority Claims

4) Secured Claims          5) Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:    Modification  ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: December 10, 2018                         .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| The plan is being modified to account for the most recently amended Proof of Claim filed by the IRS, to account for the payment change on the first mortgage and to correct the amount of arrears due and owing on the second mortgage pre-petition. | The amounts due to the IRS and the second mortgage company are being amended and the post-petition payment amount for the first mortgage company is being amended to reflect the most recent notice of mortgage payment change. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☒ Yes    ☐ No

## Part 10:    Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☐ NONE

☒ Explain here:
The payment structure in this plan is as laid out in Part 1: Section e.

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 05/07/19                                            /s/ Mark Ranucci
                                                          Debtor

Date: 05/07/19                                            /s/ Lisa Alaimo Ranucci
                                                          Joint Debtor

Date: 05/07/19                                            /s/ Brian G. Hannon
                                                          Attorney for Debtor(s)

```
                           United States Bankruptcy Court
                               District of New Jersey

In re:                                                        Case No. 18-23067-MBK
Mark Ranucci                                                  Chapter 13
Lisa Ranucci
        Debtors                  CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin              Page 1 of 2        Date Rcvd: May 08, 2019
                              Form ID: pdf901          Total Noticed: 28

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 10, 2019.
db/jdb         +Mark Ranucci,    Lisa Ranucci,    611Grassmere Avenue,    Interlaken, NJ 07712-4316
lm             +JP Morgan Chase,    P.O. Box 15298,    Wilmington, DE 19850-5298
517619040       Chase Bank USA NA,    PO Box 15298,    Wilmington, DE 19850-5298
517710059       Emergency Physician Associate North Jersey, PC,     PO Box 1123,    Minneapolis MN 55440-1123
517619042      +Fein Such Kahn & Shepard, PC,    7 Century Dr Ste 201,    Parsippany, NJ 07054-4673
517619043       First Premier Bank,    3820 N Louise Ave,    Sioux Falls, SD 57107-0145
517619044       First Premier Bank-Credit Card Dept.,     PO Box 5519,   Sioux Falls, SD 57117-5519
518029177       JPMORGAN BANK, N.A. servicer for US BANK NATIONAL,     CHASE RECORDS CENTER ATT CORRESPONDENCE,
                 MAIL CODE LA4-5555,    700 KANSAS LANE MONROE LA 71203
517682779      +TD Bank, N.A.,    c/o Schiller, Knapp, Lefkowitz,& Hertzel,    Payment Processing,    PO Box 16029,
                 Lewiston, ME 04243-9507
517687493      +TD Bank, N.A.,    c/o Richard J. Tracy, Ill, Esq.,    30 Montgomery Street, Suite 1205,
                 Jersey City, NJ 07302-3835
517665124      +Toyota Lease Trust,    c/o Toyota Motor Credit Corporation,    PO Box 9013,
                 Addison, Texas 75001-9013
517915382       US Bank National Bank Assoc.,    c/o Chase Bank,    PO Box 15298,    Wilmington, DE 19850-5298
517636251      +VW Credit Leasing, Ltd,    c/o VW Credit, Inc.,    PO Box 9013,    Addison, Texas 75001-9013

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov May 08 2019 22:52:55      U.S. Attorney,   970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov May 08 2019 22:52:54      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
517671442       E-mail/PDF: AIS.cocard.ebn@americaninfosource.com May 08 2019 23:03:43
                 Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC 28272-1083
517619039       E-mail/PDF: AIS.cocard.ebn@americaninfosource.com May 08 2019 23:03:43      Capital One Bank NA,
                 PO Box 71083,   Charlotte, NC 28272-1083
517619041       E-mail/PDF: creditonebknotifications@resurgent.com May 08 2019 23:03:47      Credit One Bank,
                 PO Box 60500,   City of Industry, CA 91716-0500
517619045       E-mail/Text: cio.bncmail@irs.gov May 08 2019 22:52:47
                 IRS - Centralized Insolvency Operations,    PO Box 7346,    Philadelphia, PA 19101-7346
517691674       E-mail/PDF: resurgentbknotifications@resurgent.com May 08 2019 23:03:47
                 LVNV Funding, LLC its successors and assigns as,     assignee of MHC Receivables, LLC and,
                 FNBM, LLC,    Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
517827007       E-mail/Text: bkr@cardworks.com May 08 2019 22:52:40      MERRICK BANK,
                 Resurgent Capital Services,    PO Box 10368,    Greenville, SC 29603-0368
517619047       E-mail/Text: bkr@cardworks.com May 08 2019 22:52:40      Merrick Bank,    PO Box 660702,
                 Dallas, TX 75266-0702
517715532      +E-mail/Text: JCAP_BNC_Notices@jcap.com May 08 2019 22:52:57      Premier Bankcard, Llc,
                 Jefferson Capital Systems LLC Assignee,    Po Box 7999,    Saint Cloud Mn 56302-7999
517660593       E-mail/Text: bnc-quantum@quantum3group.com May 08 2019 22:52:53
                 Quantum3 Group LLC as agent for,    CF Medical LLC,    PO Box 788,    Kirkland, WA 98083-0788
517619048       E-mail/Text: bankruptcy@td.com May 08 2019 22:52:56      TD Bank,    PO Box 9547,
                 Portland, ME 04112-9547
518003381       E-mail/Text: bankruptcy@td.com May 08 2019 22:52:56      TD Bank, N.A.,
                 c/o Schiller Knapp Lefkowitz Hertzel LLP,    70 Gray Road,    Falmouth, ME 04105
517619049       E-mail/Text: vci.bkcy@vwcredit.com May 08 2019 22:52:57      VW Credit,    1401 Franklin Blvd,
                 Libertyville, IL 60048-4460
517721748      +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM May 08 2019 23:03:58      Verizon,
                 by American InfoSource as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
                                                                                              TOTAL: 15

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517619046*      IRS-Centralized Insolvency Operations,    PO Box 7346,    Philadelphia, PA 19101-7346
                                                                                   TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 10, 2019                              Signature:  /s/Joseph Speetjens

```
District/off: 0312-3          User: admin              Page 2 of 2              Date Rcvd: May 08, 2019
                              Form ID: pdf901          Total Noticed: 28
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 7, 2019 at the address(es) listed below:
              Albert   Russo    docs@russotrustee.com
              Brian Gregory Hannon    on behalf of Debtor Mark   Ranucci bhannon@norgaardfirm.com,
               sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com
              Brian Gregory Hannon    on behalf of Joint Debtor Lisa   Ranucci bhannon@norgaardfirm.com,
               sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com
              Denise E. Carlon    on behalf of Creditor    VW Credit Leasing, Ltd dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Denise E. Carlon    on behalf of Creditor    Toyota Lease Trust dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Jill   Manzo    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION as servicer for
               U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES
               2003-S13 bankruptcy@feinsuch.com
              Kevin Gordon McDonald    on behalf of Creditor    VW Credit Leasing, Ltd kmcdonald@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Philip A Kahn    on behalf of Loss Mitigation    JP Morgan Chase pkahn@feinsuch.com
              Rebecca Ann Solarz    on behalf of Creditor    Toyota Lease Trust rsolarz@kmllawgroup.com
              Richard James Tracy, III    on behalf of Creditor    TD Bank, N.A. rtracy@schillerknapp.com,
               tshariff@schillerknapp.com;kcollins@schillerknapp.com;ahight@schillerknapp.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                              TOTAL: 11
```