NORGAARD O'BOYLE & HANNON
184 Grand Avenue
Englewood, New Jersey 07631
Telephone No. (201) 871-1333
Fax No. (201) 871-3161
Counsel to Debtors,
*Mark and Lisa Ranucci*
By:  Brian G. Hannon, Esq.
     BH-3645

|  |  |
|---|---|
| In re: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY TRENTON VICINAGE |
| MARK RANUCCI and LISA RANUCCI | Chapter 13 |
| Debtor. | Case No. 18-23067 (MBK) Hearing Date:  3/3/2020 @ 10 A.M. |

**CERTIFICATION IN SUPPORT OF DEBTORS'
OPPOSITION TO THE TRUSTEE'S CERTIFICATION OF DEFAULT**

Brian G. Hannon, Esq. certifies as follows:

1. I am a partner of Norgaard O'Boyle & Hannon, counsel to the Debtors in the above-referenced matter. I write this Certification in opposition to the Standing Trustee's Motion for an Order Dismissing this case.

2. The Debtors' plan was confirmed on July 17, 2019 upon the entry of an Order bearing Docket # 89 (the "Confirmation Order"). Pursuant to the Confirmation Order, the Debtors were to make 55 payments in the amount of $175.00 and 5 lump sum payments as follows:

   a. $43,500.00 on or before 1/1/2019 (the "First Lump Sum Payment");

   b. $56,155.00 on or before 1/1/2020 (the "Second Lump Sum Payment");

   c. $43,500.00 on or before 1/1/2021;

   d. $43,500.00 on or before 1/1/2022; and

    e.  $43,500.00 on or before 1/2/2023.

  3.  The Debtors tendered the First Lump Sum Payment to the Trustee without incident.

  4.  On or about 1/1/2020 the Debtors mistakenly tendered the sum of $43,500.00 directly to the holder of the first mortgage on their residence, JP Morgan Chase Bank, NA ("Chase"). Admittedly, the Debtors should have tendered the sum of $56,155.00 to the Trustee in accordance with the Confirmation Order.

  5.  On February 3, 2020, the Standing Trustee filed a motion to dismiss the Debtors' case as a result of the aforementioned mistake (the "Motion to Dismiss"). Immediately upon learning of same, on February 4, 2020, Debtors' counsel immediately contacted Chase's counsel to advise as to the Debtors' mistake. After several follow up attempts to reach Chase's counsel, on February 19, 2020, Chase advised that it will be tendering the $43,500.00 payment received by the Debtors directly to the Standing Trustee.

  6.  I have spoken directly with the Debtors' financial benefactor that makes the lump sum payments. I have been advised that the balance of the Second Lump Sum Payment in the amount of $12,655.00 will be tendered to the Standing Trustee on or before February 28, 2020, thereby resolving the basis of the Standing Trustee's Motion to Dismiss.

  7.  The Debtors have substantially complied with the terms of the Confirmation Order. Their mistake with regard to the Second Lump Sum Payment was an honest one that is in the process of being remedied. They must be permitted an opportunity to fix this mistake so that they can complete their Chapter 13 plan and save their home.

  8.  For the aforementioned reason the Standing Trustee's certification of default for an order to dismiss this petition should be denied accordingly.

I certify that the foregoing statements are true. I am aware that if the foregoing statements are willfully false, I am subject to punishment.


Dated: 2/25/2020                                                    /s/ Brian G. Hannon
                                                                                                               Brian G. Hannon, Esq.